**WAYNE M. GREENWALD P.C.**
*Attorneys for Debtor*
*Chittur & Associates, PC,*
475 Park Avenue South, 26th Fl.
New York, New York 10016
Telephone No.: 212-983-1922
Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| CHITTUR & ASSOCIATES, PC, | Case No.: 16-22704-rdd |
| Debtor. | |

-----------------------------------------------------------X

**VERIFIED EMERGENCY MOTION FOR ORDERS, PURSUANT TO
11 U.S.C. §§105(a) AND 363(b) AND (m) AND FED. R. BANKR. P. 6004,
AUTHORIZING AND APPROVING SALE OF DEBTOR'S INTERESTS
IN CERTAIN CAUSES OF ACTION AND GRANTING RELATED RELIEF**

**To:**   **HON. ROBERT D. DRAIN,**
            **UNITED STATES BANKRUPTCY JUDGE:**

Chittur & Associates, PC, debtor and debtor in possession, (the "Debtor"), by its

attorneys represents:

**PRELIMINARY STATEMENT**

1. The Debtor asks this Court to enter the pre-fixed order to show cause and enter

    further orders:

    (a.) pursuant to 11 U.S.C. §§ 363(b) and (m), 105 and Fed. R. Bankr. P. 6004,

- 1 -

Approving and authoring the Debtor sell to Museum Clothing Co., Inc., 33 West 19th Street, New York, N.Y. 10011 (the "Purchaser"), the Debtor's rights, title, and interest in any monetary recovery arising out of certain causes of action (the "Causes of Action"), which are identified on the schedule attached as Exhibit "1" (the "Schedule") to the proposed order approving the sale, which is as attached hereto as Exhibit "A" (the "Sale Order"[1]) for the purchase price of $30,000 (the "Sale"); and ( b. ) granting such other and further relief as this Court deems proper (the "Motion").

2. The Motion should be granted and the Sale approved because:

   A.) The Sale is necessary to are for the Debtor to meet its immediate cash needs to operate.

   B.) Without the Sale, the Debtor faces huge administration claims arising from the Debtor's potential inability to fully represent its existing clients in pending actions;

   D.) The Sale represents the highest offer the Debtor has been able to obtain for the Causes of Action being sold;

   E.) Accordingly the Sale is in the best interests of the Debtor its creditors and

---

[1] The Sale Order contains the Sale's terms. The Debtor and Purchaser agreed to the Sale Order's terms.

estate.

These matters are elucidated herein

## JURISDICTION

3. On May 24, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of 11 U.S.C. § 101, *et seq.*

4. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5. No trustee, examiner or committee has been requested or appointed.

6. The Debtor is a law firm with an office located at 500 Executive Boulevard Suite 305, Ossining, New York 10562.

7. Ths Court has jurisdiction over this motion pursuant to 28 U.S.C. §§1334 and 157.

8. This is a core proceeding arising under title 28 U.S.C. § 157(b)(1).

9. The statutory predicates for the relief sought are sections 105(a), 363(b), and (m) of the Bankruptcy Code and Bankruptcy Rule 6004.

10. This matter concerns a public right.

11. The Debtor consents to this Court entering a final order on this Motion.

12. Venue for Motion in this district is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

13. During this case, the Debtor's principal and 100% owner, Krishnan Chittur, has been unable to attend office full time.

14. Since May 2016, Mr. Chittur had two major surgeries and was finally discharged from the hospital in May 2017.

15. Mr. Chittur's condition and absence reduced the Debtor's revenues to a trickle, and insufficient to meet operating expenses.

16. This resulted in the Debtor's employees, including Mr. Chittur, not being compensated for several months.

17. Mr. Chittur remained in-charge of the Debtor's affairs and supervised all matters.

18. However, Mr. Chittur's prolonged hospitalization, absence from the office and inability to activity participate in the cases apparently resulted in the Debtor not to responding pending motions.

19. Default orders have been entered against the Debtor's clients in six cases before the New York City Civil Court.

20. Twenty-three similar motions are pending in that Court.

21. The Debtor could not secure extensions and avert an immediate default in about 20 other cases.

22. The Debtor's only other attorney-employee, Mr. Strutinskiy, received no salary since even before and since this case began. He left Debtor's employment.

23. This leaves Mr. Chittur to handle this crisis alone.

24. This includes setting aside the default orders, responding to 40 similar applications, and attending to the Debtor's caseload.

25. To avoid further problems the Debtor must retain, at least, an associate attorney and a paralegal.

26. Absent this staff, further default orders, and mounting problems from disgruntled clients and others are inevitable.

27. The Debtor urgently needs funding to pay staff and maintain itself.

28. Otherwise, the Debtor has no chance of survival.

29. Even worse, the Debtor faces potential administration claims from those unhappy clients and others.

30. The Debtor sought, without success, funding from a lender.

31. The impending disaster can be averted by the Sale.

## THE PROPOSED SALE

32. The Debtor's business is based on civil and commercial litigation.

33. Most, if not all, of the Debtor's caseload have contingency fee compensation, resulting in the Causes of Action[2].

34. Being contingency fees, the Causes of Action's value is highly speculative.

35. These cases are in various stages of litigation.

36. Most require discovery, motion practice, trial, and potential appeal.

37. The Debtor's financial situation prevents it from actively litigate the Causes of Action.

38. It risks defaulting on them.

39. To avoid new defaults and preserve the Causes of Action, the Debtor needs cash immediately.

40. The debtor is unable to obtain a loan.

41. Therefore, the Debtor determined that selling assets is its only way to obtain funds.

**The Purchaser**

42. The Debtor spoke with several potential purchasers for the Causes of Action.

43. Ultimately Museum Clothing Co., Inc., offered the Debtor $30,000 to purchase the Causes of Action (the "Purchase Price").

---

[2] The Causes of Action also includes accounts receivable from non-contingency fee cases. The Debtor lacks success in collecting those accounts receivable.

44. The Debtor determined that the Purchase Price is the highest and best price obtainable for the Causes of Action.[3]

45. The Purchase Price will be used to pay Debtor's administrative expenses and creditors.

## RELIEF REQUESTED

46. Accordingly this Motion, seeks orders approving the Sale of the Causes of Action to the Purchaser pursuant to 11 U.S.C. § 363(b) and (m.)

## LEGAL AUTHORITY

47. 11 U.S.C. § 363(b)(1), authorizes trustees to use, sell or lease property, out of the ordinary course of business, upon obtaining the Court's approval, after notice and a hearing.[4]

48. This power is extended to debtors-in-possession by 11 U.S.C. § 1107(a).

---

[3] The Purchase Price will merely fund Debtor's litigation expenses for pending. The Sale anticipates the Purchaser having no control over Debtor.

[4]
> 11 U.S.C. § 363(b)(1) provides in pertinent part:
>
>> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . .

49.   Further, 11 U.S.C. § 105(a) allows courts to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

50.   A bankruptcy court's power to authorize a sale under Section 363(b) is to be exercised at the court's discretion. *In re WPRV-TV,* 983 F.2d 336, 340 (1st Cir. 1993), *New Haven Radio, Inc. v. Meister (In re Martin-Trigona),* 760 F.2d 1334, 1346 (2d Cir. 1985), *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1069 (2d Cir. 1983).

51.   Courts also require debtors to provide reasonable and adequate notice of the sale, that the sale price be fair and reasonable, and that the sale be the result of good faith negotiations with the buyer. See, e.g., *In re Ewell, 958 F.2d 276 (9th Cir. 1992)* (declining to set aside or modify a sale pursuant to 11 U.S.C. § 363 because the price was fair and reasonable and the buyer was a good faith purchaser) *In re King-Wilson,* 1998 U.S. Dist. LEXIS 16595 at *11-12 (N.D. Cal. Oct. 13, 1998).

52.   Court's will generally defer to and not interfere with debtors' sound business judgment, exercised in good faith. *Lubrizol Enterprises, Inc., v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1047 (4th Cir. 1985), *In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (Bankr. S.D.N.Y. 1992).

53. The Debtor's decision to proceed with the Sale is in good faith.

54. The Debtor's sound business judgment is supported by this Motion.

### *Good Faith Protection*

55. The Purchaser is entitled to the "good faith purchaser" protections afforded by 11 U.S.C. § 363(m), which provides:

> The reversal or modification on appeal of an authorization under subsection (b) and ( c ) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

56. The Bankruptcy Code does not define "good faith."

57. However, fraud or collusion between the buyer and the debtor in possession or trustee or other bidders need be shown to demonstrate a lack of good faith. See *Kabro Assocs. of West Islip, I, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("[t]ypically, the misconduct that would destroy a [buyer]'s good faith status at a judicial sale involves fraud,

collusion between the [buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders"); see also *In re Angelika Films, 57th, Inc.,* 1997 WL 283412, at *7 (S.D.N.Y. 1997); *In re Bakalis*, 220 B.R. 525, 537 (Bankr. E.D.N.Y.1998).

50. The Sale was negotiated at arms' length and in good faith.

51. There was no fraud or collusion in those negotiations.

52. The Purchaser is not an "insider" of the Debtor, as that term is defined by 11 U.S.C. § 101(31).

53. The Purchase Price is fair and reasonable.

54. Thus, the Purchaser is entitled to the protections afforded good faith purchasers under 11 U.S.C. § 363(m).

55. These reasons also render the Sale not avoidable pursuant to 11 U.S.C. § 363(n).

56. There is no indicia of fraud or improper insider dealing.

57. Therefore, the Purchase has not engaged in any conduct that would cause the Sale to be affected under 11 U.S.C. § 363(n).

## PROCEDURE FOR APPROVAL OF THE SALE

59. The approval of the Sale is subject to 11 U.S.C. § 363(b) and Court approval.

60. This entails subjecting the proposed sale pursuant to the Sale to higher and better offers. *In re General Motors Corp.*, 407 B.R. 463, 480 (Bankr. S.D.N.Y. 2009)(Standard § 363 practice entails subjecting proposed transactions to higher and better offers.)

61. The Sale requires no break-up fee, pre-set bidding increments or minimum bid.

62. Therefore, it is sufficient that the procedure for approving the Sale and subjecting it to higher and better offers be: a.) noticing the Motion's hearing; b.) providing parties in interest an opportunity to object to the Motion; c.) providing interested parties an opportunity to submit higher and better offers for the Causes of Action; d.) providing the Debtor an opportunity to consider what higher and better offers are submitted; e.) submitting the highest and best offer for the Cause of Action to the Court for approval.

63. The most efficient means of achieving this end is notice the hearing on the Motion and set a date by which objections to the Motion and competing offers are submitted to the Court and Debtor's counsel.

**Fixing a Hearing Date:**

64. This Motion and Sale resolve the cash emergency the Debtor faces.

65. Therefore the hearing to consider the Sale and Sale must occur at the earliest date possible.

66. The Debtor's efforts to sell the Causes of Action reveal that there is no real market for them and the Purchaser offers the highest and best offer for the Causes of Action.

67. Fed.R.Bankr.P. 2002(a)(2) requires at least 21 days notice by mail of a proposed sale.

68. Fed.R.Bankr.P. 9006(c)(1) authorizes Court's reducing this notice period.

69. Cause to reduce the period includes where delay reduces the value of the asset being sold. *In re Park Distributors, Inc.*, 176 F. Supp. 38, 42 (S.D. Cal. 1959), Citing, *In re Fee Bros.*, Inc., D.C.W.D.N.Y.1941, 36 F.Supp. 995, 997, affirmed sub nom. *Hover v. Genesee Valley Trust Co.*, 123 F.2d 813 (2nd Cir. 1941)(Which discusses providing no notice in appropriate circumstances).

70. Cause to provide minimal notice exists here.

71. Absent the immediate Sale, the Causes of Action's value will be transformed into liabilities.

72. An immediate hearing and sale are necessary and appropriate.

73. It is not anticipated that the Sale will be contested.

## NOTICE

74. Fed.R.Bankr.P. 6004(f)(1) permits sales of property outside of the ordinary course of business by private sale or by public auction.

75. Fed.R.Bankr.P 2002, requires at least twenty-one day notice by mail of the proposed use, sale, or lease of property of the estate out of the ordinary course of business.

76. Fed.R.Bankr.P. 6004 requires the notice of a proposed use, sale, or lease of property to include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. See Fed. R. Bankr. P. 2002 ( c )(1).

71. The notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property. *Id.*

72. The proposed order setting a hearing on the Motion does that.

73. Pursuant to Fed. R. Bankr. P. 2002, the Debtor proposes giving notice of the proposed sale, this Motion, and the hearing to consider this Motion by serving a copy of this Motion, with exhibits, including the proposed Sale Order and the issued order setting a hearing on the Motion upon: (i) all of the Debtor's creditors; (ii) all parties that have filed a notice of appearance; (iii) all parties that

have expressed an interest in purchasing the Causes of Action; and (iv) the Office of the United States Trustee.

74. That such notice constitutes good and sufficient notice of the competitive offer procedures, the Motion, and all proceedings to be held thereon and that no other or further notice need be given.

75. The relief requested herein is necessary and appropriate, is in the best interests of the Debtor its estate, and should be granted in all respects.

**No Stay of Closing**

76. Fed.R.Bankr P. Rule 6004(h) provides that an "order authorizing the use, sale or lease of property…is stayed until the expiration of fourteen (14) days after entry of the order, unless the court order otherwise."

77. The Sale Order should be effective immediately, waiving that the fourteen day period.

78. The Debtor is almost completely bereft of cash even to meet its immediate and urgent needs.

79. Waiting fourteen days to close on the Sale substantially risks losing the benefits and objective the Sale provides.

80. The stay period should be eliminated.

81. This Motion will be served in the Debtor's creditors and parties in interest, including the Debtor's clients with respect to the Causes of Action.

82. There the notice of the Motion provides adequate notice for the Sale Order's entry.

## THE NEED FOR AN ORDER TO SHOW CAUSE

83. Pursuant to Rule 9077-1(a) of the Local Rules of United States Bankruptcy Court for the Southern District of New York, the Debtor requests that this Motion be brought on by order to show cause, rather than by notice of motion, to quickly resolve the issues raised by this Motion and shorten the notice period otherwise required.

84. As discussed above, absent an expedited hearing on the Motion and Sale, the Sale may be for naught.

85. The Sale's benefit can be fully realized only through expediting the hearing to consider the Sale and the Sale.

86. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Debtor asks his Court to: a.) enter the pre-fixed Order to Show Cause; b.) the Sale Order; and c.) grant such other and further relief as may be just and appropriate.

**DATED:** New York, New York
August 25, 2017

                        WAYNE GREENWALD P.C.
                        475 Park Avenue South, 26th Fl.
                        *Attorneys for Debtor*
                        ***Chittur & Associates, PC**,*
                        New York, New York 10016
                        Telephone No.: 212-983-1965


                        By:  /s/ Wayne M. Greenwald
                                Wayne M. Greenwald

# **VERIFICATION**

Krishnan Chittur declares:

1. I am the principal of the Debtor, Chittur & Associates, P.C.

2. I have personal knowledge of the facts stated herein.

3. I read the preceding "Verified Emergency Motion for Orders Pursuant to 11 U.S.C. §§105(a) and 363(b) and (m) and Fed. R. Bankr. P. 6004, Authorizing and Approving Sale of Debtor's Interests in Certain Causes of Action and Granting Related Relief" know its contents and same are true to the best of my knowledge.

4. I declare the forgoing facts to be true and correct, under penalty of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, NY
August 25, 2017

                                      /S/   Krishnan S. Chittur
                                      Krishnan S. Chittur