Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000
Fax: 212 766 8001

Proposed Attorney for the Debtor
 And Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                                                                          Chapter 11

In re:

**CHITTUR & ASSOCIATES, PC,**                       Case No. 16-22704 (RDD)

                           Debtor.
-----------------------------------------------------------------x

**NOTICE OF MOTION REQUESTING DISMISSAL OF DEBTOR'S CASE**

**PLEASE TAKE NOTICE** that a hearing on the annexed Motion, dated December 7, 2017 2017 (the "Motion") of Chittur and Associates, PC, as debtors and debtor in possession in the above-captioned chapter 11 cases (the "Debtor"), for entry of an order and, pursuant to 11 U.S.C. §§ 105, 305, 349(b), 1106, and 1112(b), Federal Rules of Bankruptcy Procedure 1017(f), 2002(a)(4), 9013, and 9014 requesting dismissal of this case will be held before the Honorable Robert Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 on February 13, 2018 at 11:00 AM (Eastern Time) (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, electronically in accordance

with local rules (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and, so as to be so filed and received no later than February 5, 2018 at 12:00 p.m. (Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Date: December 7, 2017
New York NY

/s/karamvir dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000
Fax: 212 766 8001

Proposed Attorney for the Debtor
And Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

In re:                                                                                              Chapter 11

**CHITTUR & ASSOCIATES, PC,**                                           Case No. 16-22704 (RDD)

                                    Debtor.
----------------------------------------------------------------x

**Affirmation in Support of Dismissal of the Case**

Chittur & Associates, PC, (the "Debtor") through its counsel Karamvir Dahiya of Dahiya Law Offices, LLC respectfully submit the following requesting dismissal of the case:

The Debtor request dismissal pursuant to 11 U.S.C. §§ 105, 305, 349(b), 1106, and 1112(b), Federal Rules of Bankruptcy Procedure 1017(f), 2002(a)(4), 9013, and 9014.

I.     **Jurisdiction and Venue**

This Chapter 11 "small business debtor," 11 U.S.C. § 101(51D) case is pending here in this district and court, 28 U.S.C. § § 1334 and 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

II.    **Background**

On May 24, 2016 the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") and has been continued in possession of its business, management of its property and management of its affairs as debtor-in-possession pursuant sections 1107 and 1108 of the Code. However there has been no business as such and all potential business there is transferring to the estate or accreting needs more expenses, a situation that this debtor cannot afford. See Affidavit of Krishnan Chittur, a principal of the debtor ("There

3

is thus, no pending "accounts receivable"; recovery of fees, if any at all, can occur only after expenditure of significant amounts of time and resources for conduct of discovery and deposition, motion practice, conduct of trial, and briefing and argument of appeal(s). And at the end of the day, Debtor may still lose and not be paid at all. Debtor has no resources to litigate these cases."). No Committee of Unsecured Creditors has been appointed in this case.  No trustee or examiner has been appointed in this case.

### III. Discussion

#### A. Legal Standards

This Court has the explicit statutory authority to order a dismissal of this case based on no prospects of reorganization.  Section 305(a)(1) of the Code states that "[t]he court, after notice and a hearing, may dismiss a case under this title . . . at any time if – the interests of creditors and the debtor would be better served by such dismissal . . . ." 11 U.S.C. § 305(a)(1). Also, § 1112(b)(1) of the Code provides that "'on request of a party in interest, and after notice and a hearing, the court shall . . . dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b)(1); *see also In re Keven, A. McKenna, P.C. v. Official Comm. of Unsecured Creditors*, 2011 U.S. Dist. LEXIS 57985, *3-4 (D.R.I. May 31, 2011).  "Cause" for purposes of § 1112(b) includes, *inter alia*, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4); *see also In re Salutaris Dialysis & Nephrology Ctr.*, 2012 Bankr LEXIS 3578, *8 (Bankr. D. P.R. Aug. 1, 2012) ("Section 1112 does not define the term 'cause', rather, the section simply enumerates examples of cause, any one of which may be sufficient to justify the conversion or dismissal of the case.") (citation omitted). "Courts have wide discretion in determining what constitutes cause." *In re*

4

*Keven, A. McKenna, P.C.*, 2011 U.S. Dist. LEXIS at *4 (citations and quotations omitted). "One ground . . . is sufficient, standing alone, to establish cause under the statute." *Id.* at * 5 (citing 7 Collier on Bankruptcy § 1112.04[5] (16th ed. 2011) ("[i]f one of the enumerated examples of cause set forth in section 1112(b)(4) is proven by the movant by a preponderance of the evidence, the court must find that [the] movant has established cause"). "In essence, § 1112(b)(1) requires the bankruptcy court to make two determinations: (1) cause exists to convert or dismiss, and (2) which option is in the best interests of creditors and the estate." *In re Martinez*, 2012 Bankr. LEXIS 2182, *16 (B.A.P. 1st Cir. May 14, 2012) (citations omitted); *see lso In re Franco*, 2012 Bankr. 3524, * 4 (Bankr. D. P.R. July 27, 2012). Dismiss and not conversion is warranted here.

Dismissal is the requisitioned relief. As is clear from the Debtor's principal's affidavit, there is nothing for the distribution for the creditors. Also, there is no large enough a pool of creditors, other than a Landlord Tenant law firm bickering for legal fees. They have been paid their original claim, plus substantial amount of legal fees. The principal amount was $35,000. With all the inflated late fees, penalties, interest on penalties, penalties on interest and everything else, and attorneys' fees and expenses, they have <u>already</u> recovered over $158,000. Thus, there is no harm. Moreover, the bankruptcy process is not meant to achieve a standard of "Make/Made Whole Doctrine."

The principal of the debtor, a practicing attorney, had also filed for a Chapter 7 protection and was finally given a discharge. There is no money with the estate for payment of any claims. The debtor more than amply meets its burden to persuade the court to dismiss this case. *In re Loco Realty Corp.,* No. 09–11785(AJG), 2009 WL 2883050, at *2 (Bankr.S.D.N.Y. June 25, 2009). Best interest of the creditors test warrants dismissal, as liquidation does not result in any

distribution. As is clear from Mr. Chittur's affidavit, there is "[no] ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors and the maximization of the estate's value as an economic enterprise." *In re BH S & B Holdings, LLC,* 439 B.R. 342, 351 (Bankr. S.D.N.Y. 2010).

IV.    **Conclusion**

Wherefore, under the foregoing, it is in the best interest of the parties, estate and creditors to dismiss the case.

Dated: New York NY
December 7, 2017

Dahiya Law Offices, LLC,
Counsel for the Debtor in Possession

*/s/karamvir dahiya*

_____
Karamvir Dahiya
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000