Hearing Date and Time: February 13, 2018 at 10:00 a.m. (Eastern Time)
Objection Deadline: February 6, 2018 at 4:00 p.m. (Eastern Time)

Mark N. Parry
**MOSES & SINGER LLP**
405 Lexington Avenue
New York, NY 10174
Tel: (212) 554-7800
mparry@mosessinger.com

*Attorneys for Northern Leasing Systems, Inc. ("Northern"),
Lease Finance Group, LLC ("LFG"), Ricardo Brown,
Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C.,
and Jay Cohen*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**CHITTUR & ASSOCIATES, P.C.,**<br><br>                    **Debtor.** | Chapter 11<br><br>Case No. 16-22704-rdd |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Northern Leasing Systems, Inc. ("Northern"), Lease Finance Group, LLC ("LFG"), Ricardo Brown, Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C., and Jay Cohen (collectively, the "Movants"), by their attorneys, Moses & Singer LLP, move (the "Motion"), pursuant to section 362(d)(1) of title 11 of the United States Code ("Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for entry of an order modifying the automatic stay to permit Movants to liquidate their claim against the debtor Chittur & Associates, P.C. ("C&A" or the "Debtor") and to annul the stay *nunc pro tunc* to September 4, 2017, in order to validate the proceedings before the District Court.  In support of the Motion, Movants respectfully represent the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the standing order of reference from the United States District Court for the Southern District of New York, dated as of January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Movants consent to entry of a final judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested herein are section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001(a).

## RELIEF REQUESTED

4. Movants seek relief from the automatic stay in order to liquidate their claim for sanctions against C&A resulting from an action that C&A, as counsel for Patricia J. Ritchie, brought against Movants in the United States District Court for the Southern District of New York (the "District Court"), *Ritchie v. Northern Leasing Sys., Inc.,* Case No. 12 Civ. 4992 (KBF) (the "District Court Action"). Movants also seek to annul the automatic stay *nunc pro tunc* to September 4, 2017, in order to validate the post-petition proceedings before the District Court. A proposed form of order granting the relief requested in this Motion is attached as Exhibit "A" (the "Proposed Order").

## FACTUAL BACKGROUND

5. On June 26, 2012, Patricia J. Ritchie, plaintiff, by her attorneys, C&A, commenced the District Court Action against Movants in the District Court. The District Court action was originally assigned to Hon. Kenneth Karas. It was reassigned to the Hon. Katherine

B. Forrest on March 6, 2015.  The attorney at C&A who was primarily responsible for representing the Plaintiff in the District Court Action was Krishnan Shanker Chittur ("Chittur"), the sole owner of C&A.

6. Following the completion of discovery, Movants filed a motion for summary judgment in the District Court action on August 21, 2015 (District Court Action, ECF No. 189).

7. The District Court granted Movants' motion for summary judgment in its entirety on March 28, 2016 (the "Summary Judgment Order") (District Court Action, ECF No. 265).  In the District Court's Summary Judgment Order, the District Court made the following findings:

- "the narrative which this Court was repeatedly told as to what this case involved, was (kindly put) without evidentiary support" (ECF No. 265), p. 1);

- "this case should have never been brought" (*id.)*; and

- "[t]he facts proffered by plaintiff on the motions before this Court do not support anything close to the claims alleged.  There is, for instance, no record evidence to raise a triable issue as to major aspects of the RICO or common-law fraud claims.  Alleging those claims on the true facts was frivolous.  The other claims—there are ten in total . . . are similarly unsupportable." (*id.*, p. 3).

8. On May 24, 2016, C&A filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "C&A Bankruptcy").

9. On September 4, 2017, Movants moved for sanctions pursuant to 28 U.S.C. §1927 and the District Court's inherent powers against Chittur and C&A (the "Sanctions Motion"). The Sanctions Motion was based on: (a) Chittur's and C&A's preparation and filing of numerous pleadings containing allegations of "fact" for which there was no evidentiary support; and (b) Chittur's and C&A's continued advocacy of those false allegations even after Chittur signed a response to a notice to admit in which he admitted that the allegations were false, and after Ms. Ritchie gave deposition testimony in which she also admitted that they were false.

10. On September 7, 2017, Chittur and C&A filed a letter with the District Court requesting a conference concerning the Sanctions Motion and requesting that the Sanctions Motion be summarily denied. (District Court, ECF No. 290).

11. On September 8, 2017, the Court issued an order in response to the September 7, 2017 letter, stating, "the [Sanctions Motion] is non-frivolous. Briefing will occur according to the local rules. (District Court, ECF No. 291).

12. On October 23, 2017, a hearing on the Sanctions Motion began before Hon. Katherine B. Forrest. After approximately 2 hours, the hearing was continued to October 30, 2017 at 10:00 a.m. The first day of the hearing was taken up with argument of counsel, and Chittur's direct testimony in response to questioning by the Movants' counsel, Thomas Kavaler.

13. The hearing resumed on October 30, 2017 at 10:00 a.m. During the second day of the hearing on the Sanctions Motion, Chittur was examined by his counsel, Brian Lewis Bromberg, and by Movants' counsel.

14. On October 30, 2017, the District Court issued an Order giving all parties the opportunity to make "final submissions setting forth the parties' respective evidence **not later than December 8, 2017**." (District Court, ECF No. 315) (emphasis in original).

15. On November 6, 2017, C&A submitted two letters to the District Court, enclosing additional documentary evidence. (District Court, ECF Nos. 318, 319).

16. On November 27, 2017, Mr. Bromberg filed a letter with the District Court requesting that the District Court strike Movants' fee request "as an overreach" or, in the alternative, postponing determination of the issue of the amount of fees until the District Court decides whether liability exists. (District Court, ECF No. 322).

17. Movants first learned of the C&A Bankruptcy on November 1, 2017, when one of the Movants, Joseph Sussman, did a search on Pacer for cases involving Chittur and came upon the C&A Bankruptcy.[1] Prior to November 1, 2017, Movants had no notice or actual knowledge of either the C&A Bankruptcy or the Chittur Bankruptcy.

18. On December 6, 2017, prior to the December 8, 2017 deadline for filing additional papers in support of the Sanctions Motion, Movants instead filed a Suggestion of Bankruptcy for Krishnan S. Chittur and Chittur & Associates, P.C. Upon information and belief, that filing was the first time that the District Court was notified of the C&A Bankruptcy. (District Court, ECF No. 323).

---

[1] Movants also learned on November 1, 2017, that Chittur had filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (16-bk-23397 (RDD)) on October 12, 2016 (the "Chittur Bankruptcy").

19. At no time during the proceedings before the District Court on the Sanctions Motion did Chittur or C&A inform the District Court or Movants of either the C&A Bankruptcy or the Chittur Bankruptcy.[2]

20. On December 12, 2017, Movants requested that the Sanctions Motion be held in abeyance. (District Court, ECF No. 329). That request was granted by the District Court on December 14, 2017, at which time the District Court directed the parties to provide a status report by February 1, 2018. (District Court, ECF No. 330).

ARGUMENT

A. CAUSE EXISTS TO MODIFY THE AUTOMATIC STAY

21. Section 362(d)(1) states that on request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay "for cause."

22. Although the Bankruptcy Code does not define "cause," courts determining whether "cause" exists to lift the stay for prepetition litigation consider the following factors: (1) whether relief would result in a partial or complete resolution of the issues, (2) the lack of any connection with or interference with the bankruptcy case, (3) whether the other proceeding involves the debtor as a fiduciary, (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (5) whether the debtor's insurer has assumed full responsibility for defending the action, (6) whether the action primarily involves third parties, (7)

---

[2] On December 6, 2017, Mr. Bromberg, counsel for Chittur and C&A, filed a letter motion seeking to withdraw as attorney of record for Mr. Chittur and C&A (District Court, ECF No. 324). In that letter motion Mr. Bromberg wrote, "In view of the Suggestion of Bankruptcy filed today by Defendants' attorneys and irreconcilable differences between myself and Krishnan Chittur, Esq., I am writing to request leave to withdraw under Local Civil Rule 1.4." On December 7, 2014, the Court granted Mr. Bromberg's motion to withdraw. (District Court, ECF No. 326).

whether litigation in another forum would prejudice the interests of other creditors, (8) whether the judgment claim arising from the other action is subject to equitable subordination, (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor, (10) the interests of judicial economy and the expeditious and economical resolution of litigation, (11) whether the parties are ready for trial in the other proceeding, and (12) the impact of the stay on the parties and the balance of harms. *Sonnax Indus., Inc. v. Tri Component Prods, Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).

23. Not all of the *Sonnax* factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (*citing Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)). A court need only apply the factors that are relevant to the particular case, and does not need to give each factor equal weight. *Burger Boys, Inc. v. South St. Seaport Ltd. P'Ship*, 183 B.R. 682, 688 (S.D.N.Y. 1994).

24. Applying this standard, courts in the Second Circuit frequently grant motions to lift a bankruptcy stay to permit an adjudication on the merits in another forum. *See In re Fishgold*, 206 B.R. 50 (Bankr. W.D.N.Y. 1997) (modifying stay to allow claim against debtor to be fixed and liquidated in pending action in other forum); *In re Anton*, 145 B.R. 767, 771 (Bankr. E.D.N.Y. 1992).

25. Weighing the *Sonnex* factors favors modifying the automatic stay to allow Movants to liquidate their claim for sanctions. First, resolution of the Sanctions Motion would fully resolve the issue. Second, there is no connection, and therefore no interference, with the C&A Bankruptcy case. Third, the Sanctions Motion does not involve C&A as a fiduciary. Fourth, the District Court is uniquely situated to decide the Sanctions Motion, since the District

Court presided over the case, issued the Summary Judgement Order and heard the evidence, including two days of testimony, relating to the Sanctions Motion. Fifth, not applicable. Sixth, the Sanctions Motion does not primarily involve third parties. Seventh, having the District Court decide the Sanctions Motion would not prejudice the interests of other creditors. Eighth, the judgment claim arising from the Sanctions Motion would not be subject to equitable subordination. Ninth, the District Court's decision regarding the Sanctions Motion would not result in a judicial lien avoidable by C&A. Tenth, the interests of judicial economy strongly support modifying the automatic stay. Having presided over the District Court Action, and issued the Summary Judgment Order, the District Court is in a unique position to decide the Sanctions Motion. Eleventh, the hearing of the Sanctions Motion has already taken place before the District Court. Finally, the balance of harms strongly favors modifying the automatic stay.

26. Applying the *Sonnax* factors, Movants are entitled to relief from the automatic stay to enable the District Court to decide the Sanctions Motion. If the Sanctions Motion is decided in Movants' favor, its claim against the Debtor would be liquidated. Movants could then seek payment from the Debtor by filing a proof of claim.

B.    CAUSE EXISTS TO ANNUL THE AUTOMATIC STAY

27. Section 362(d) allow the Court to grant relief from the automatic stay, by "terminating, annulling, modifying, or conditioning" the stay, under certain circumstances. 11 U.S.C. § 362(d). "[A]n order 'annulling' a stay does have retroactive effect, and thereby reaches back in time to validate proceedings or actions that would otherwise be deemed void *ab initio*. *Eastern Refractories Co. v. Forty Eight Insulations*, 157 F.3d 169, 172 (2nd Cir. 1998) (*citing In re: Siciliano*, 13 F.3d 748, 751 (3rd Cir. 1993); (*Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178-179 (5th Cir. 1989); *Albany Partners*, 749 F.2d 670, 675 (11th Cir. 1984); 3 *Collier's Bankruptcy*

*Manual* P 362.07[1] (15th ed. 1998)).  Here, the automatic stay should be annulled *nunc pro tunc* to September 4 2017 in order to validate the actions taken by Movants and the District Court on the Sanctions Motion.

28. While an order terminating the automatic stay only acts prospectively, an order annulling the automatic stay *nunc pro tunc* acts retroactively to validate otherwise void actions taken post-petition.  *See Eastern Refractories,* 157 F.3d at 172; *In re 1B1 Security Service, Inc.*, 158 B.R. 1, 2 (Bankr. E.D.N.Y. 1993) (stay annulled where creditor was otherwise entitled to relief from stay to prosecute underlying action and debtor remained "stealthily silent" regarding bankruptcy case during pendency of litigation).

29. This Court should exercise its discretion and find that retroactive relief is warranted.  First, had Movants known of the existence of the C&A Bankruptcy, there would have been cause to lift the stay to prosecute the Sanctions Motion.  Second, the Debtor appeared and was able to defend itself at the hearing on the Sanctions Motion.  Third, the Debtor's failure to disclose its bankruptcy filing, and the existence of the automatic stay, appears to have been in bad faith.  The Debtor wanted to see the District Court's decision on the Sanctions Motion and, if the outcome was unfavorable, play the "trump card" of the automatic stay and ask this Court that the District Court's judgment be declared void.  Finally, if the stay were not annulled to September 4, 2017, the District Court would be required to hold the hearing on the Sanctions Motion again.

30. For these reasons, the automatic stay should be retroactively annulled *nunc pro tunc* to September 4, 2017.

31.     Further, causes exists to waive the fourteen day stay on the effectiveness of an order approving this motion under Bankruptcy Rule 4001 to allow the District Court to immediately proceed.

## NOTICE

32. Movants will provide notice of this Motion to: (a) the Debtor; (b) counsel to the Debtor; (c) the United States Trustee; (d) the twenty (20) largest unsecured claims against the Debtor; (e); and (f) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

## NO PRIOR REQUEST

33.     No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Movants respectfully request that this Court enter an order, substantially in the form attached as Exhibit A, modifying the automatic stay to permit Movants to liquidate their claim, if any, based on the Sanctions Motion, annulling the stay *nunc pro tunc* to September 4, 2017, in order to validate the proceedings before the District Court on the Sanctions Motion and granting such other and further relief as is just and proper.

Dated:  New York, New York
        January 23, 2018

                                              Respectfully submitted,

                                              MOSES & SINGER LLP

                                              By:  /s/ Mark N. Parry

       Mark N. Parry
The Chrysler Building
New York, NY 10174
Tel: (212) 554-7800
mparry@mosessinger.com

*Attorneys for Northern Leasing Systems, Inc. ("Northern"), Lease Finance Group, LLC ("LFG"), Ricardo Brown, Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C., and Jay Cohen*

# EXHIBIT A

Mark N. Parry
**MOSES & SINGER LLP**
405 Lexington Avenue
New York, NY 10174
Tel: (212) 554-7800
mparry@mosessinger.com

*Attorneys for Northern Leasing Systems, Inc. ("Northern"),*
*Lease Finance Group, LLC ("LFG"), Ricardo Brown,*
*Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C.,*
*and Jay Cohen*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **CHITTUR & ASSOCIATES, P.C.,** | Case No. 16-22704-rdd |
| Debtor. | |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

    Upon the Motion[1] of Northern Leasing Systems, Inc. ("Northern"), Lease Finance Group, LLC ("LFG"), Ricardo Brown, Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C., and Jay Cohen (collectively, the "Movants"), for entry of an order modifying the automatic stay to permit Movants to liquidate their claim against the debtor Chittur & Associates, P.C. ("C&A" or the "Debtor") and to annul the stay *nunc pro tunc* to September 4, 2017, in order to validate the proceedings before the United States District Court and upon the hearing held before the Court on February 13, 2018 and upon the entire record of this case, and after due deliberation and sufficient cause appearing therefor, it is

---

[1] All capitalized terms not defined herein shall have meaning ascribed to them in Movants' Motion.

- 1 -

ORDERED, that the automatic stay under 11 U.S.C. § 362 be, and it hereby is, modified to lift the automatic stay retroactively to September 4, 2017, to liquidate the claim arising from the Sanctions Motion in the United States District Court for the Southern District of New York; and it is further

ORDERED, that the fourteen day (14) period under Bankruptcy Rule 4001(a) is hereby waived and this order is immediately effective; and it is further

Dated:  New York, New York
         February __, 2018

UNITED STATES BANKRUPTCY JUDGE