Mark N. Parry
**MOSES & SINGER LLP**
405 Lexington Avenue
New York, NY 10174
Tel: (212) 554-7800
mparry@mosessinger.com

*Attorneys for Northern Leasing Systems, Inc. ("Northern"),
Lease Finance Group, LLC ("LFG"), Ricardo Brown,
Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C.,
and Jay Cohen*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**CHITTUR & ASSOCIATES, P.C.,**<br><br>      **Debtor.** | Chapter 11<br><br>Case No. 16-22704-rdd |

**OBJECTION TO MOTION TO DISMISS DEBTOR'S CASE**

  Northern Leasing Systems, Inc. ("Northern"), Lease Finance Group, LLC ("LFG"), Ricardo Brown, Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C., and Jay Cohen (collectively, the "Objectors"), by their attorneys, Moses & Singer LLP, hereby file this objection (the "Objection") to the Debtor's Motion to Dismiss this case filed on December 7, 2017 at Docket No. 138 (the "Motion"). In support of this Objection, the Objectors respectfully represent the following:

FACTUAL BACKGROUND

  1. On January 23, 2018, the Objectors moved to have the stay modified (the "Stay Relief Motion") in order to allow them to have their claim against Chittur & Associates, P.C., liquidated by the United States District Court for the Southern District of New York (the "District Court").

2. The Objectors potential claim against the Debtor stems from the Debtor's pursuit of a lawsuit against the Objectors that was without merit and, the Objectors allege, in violation of 28 U.S.C. §1927. The Debtor represents Patricia J. Ritchie, plaintiff, in an action commenced in the District Court against Objectors in the District Court (the "District Court Action").

<u>The Claim for Sanctions</u>

3. Although the facts regarding the potential claim are set forth in the Stay Relief Motion, they can be briefly summarized here.

4. Objectors moved for Movants for summary judgment in the District Court Action on August 21, 2015.

5. The District Court granted Objectors' motion for summary judgment in its entirety on March 28, 2016. On September 4, 2017, Objectors moved for sanctions pursuant to 28 U.S.C. §1927 and the District Court's inherent powers against Krishnan S. Chittur ("Chittur") and the Debtor (the "Sanctions Motion").

6. On October 23, 2017, a hearing on the Sanctions Motion began before Hon. Katherine B. Forrest. After approximately 2 hours, the hearing was continued to October 30, 2017 at 10:00 a.m. The hearing resumed on October 30, 2017 at 10:00 a.m.

7. On October 30, 2017, the District Court issued an Order giving all parties the opportunity to make "final submissions setting forth the parties' respective evidence **not later than December 8, 2017**." (District Court, ECF No. 315) (emphasis in original).

8. Objectors first learned of the Debtor's bankruptcy on November 1, 2017, when one of the Objectors, Joseph Sussman, did a search on Pacer for cases involving Chittur and

came upon the C&A Bankruptcy.[1]  Prior to November 1, 2017, the Objectors had no notice or actual knowledge of either the C&A Bankruptcy or the Chittur Bankruptcy.

9.  On December 6, 2017, prior to the December 8, 2017, deadline for filing additional papers in support of the Sanctions Motion, Objectors filed a Suggestion of Bankruptcy for Chittur and the Debtor.  Upon information and belief, that filing was the first time that the District Court was notified of the Debtor's bankruptcy.

10.  At no time during the proceedings before the District Court on the Sanctions Motion did Chittur or the Debtor inform the District Court or Movants of either the Debtor's bankruptcy proceeding or Chittur's bankruptcy proceeding.

Payments Made By Northern to the Debtor During the Debtor's Bankruptcy Proceedings

11.  During the pendency of the Debtor's bankruptcy proceeding, on August 28, 2017, Northern entered into a settlement agreement (the "Settlement Agreement") with the Debtor in connection with an action commenced by Northern against certain defendants.  The defendants were represented by the Debtor.

12.  Pursuant to the Settlement Agreement, Northern agreed to pay to the Debtor the sum of $380,937.  That amount included $130,599 for attorney's fees that had been awarded to the Debtor by the court.  Chittur, acting on behalf of the Debtor, directed the funds to be transferred to Chittur's IOLA client account.  On September 5, 2017, the surety send a check to Chittur in the amount of $250,338 made payable to Chittur's IOLA client account.  On September 11, 2017, Northern wired $130,599 to Chittur's IOLA client account.

---

[1]  Chittur had filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York  (16-bk-23397 (RDD)) on October 12, 2016.

ARGUMENT

A.   DISMISSAL IS NOT IN THE BEST INTERESTS OF CREDITORS

1.   Pursuant to section 1112(b), a court can dismiss a chapter 11 case or convert it to a case under chapter 7 "for cause" so long as it is in the best interests of both the creditors and the estate. 7 Collier on Bankruptcy ¶ 1112.04 (16th ed. 2009). Subsection (b)(4) contains sixteen examples of events that may constitute cause. This list, however, is "not exhaustive" and courts are free to consider other factors. *See, e.g., In re Ameribuild Const. Mgmt., Inc.,* 399 B.R. 129, 131 n. 3 (Bankr.S.D.N.Y.2009) (citing legislative history).

2.   The Debtor, in its motion to dismiss, admits that cause exists under 1121(b) to dismiss or covert this case. Therefore, the only question is whether the case should be dismissed, converted, or a chapter 11 trustee should be appointed.

3.   In *In re BH S & B Holdings*, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010), cited by the Debtor, the bankruptcy court observed:

> Once a party establishes cause, a court must examine whether dismissal or conversion of a case under chapter 7 is in the best interests of the creditors and the estate. 7 Collier on Bankruptcy ¶ 1112.04[6]. Courts have looked to multiple factors to determine which action better serves the interests of creditors and the estate.

4.   Among the factors identified by the Bankruptcy Court in *BH S & B Holdings* to determine whether dismissal or conversion is in the best interests of the Debtors' estate is "whether the debtor has engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests." *Id*. Another factor identified is the "ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors." *Id*.

5.   Here, by affirmation dated November 15, 2017, Chittur, on behalf of the Debtor, states that his belief that the pending cases in which the Debtor represented plaintiffs would lead

- **4** -

to significant recoveries "was dashed." Curiously, Chittur fails to disclose that in September 2017 the Debtor received $380,937. Moreover, the Debtor has failed to file monthly operating reports since August 2017.

6. The Objectors are concerned that the Debtor transferred the funds received in September 2017 inappropriately. In addition, it is unclear what other funds were received, and possibly transferred, during the pendency of the Debtor's bankruptcy case. A case under Chapter 7 would allow the trustee to investigate the Debtor's activities, including a review of the Debtor's books and records, in order to determine what funds have been received and transferred by the Debtor. In addition, a trustee would potentially be able to use the Bankruptcy Code's "strong arm" powers to reach assets for the benefit of creditors.

CONCLUSION

WHEREFORE, for the reasons set forth above, the Motion should be denied or, alternatively, the bankruptcy case converted to Chapter 7.

Dated: February 5, 2018

Respectfully submitted,

MOSES & SINGER LLP

By: /s/ Mark N. Parry
Mark N. Parry
The Chrysler Building
New York, NY 10174
Tel: (212) 554-7800
mparry@mosessinger.com

*Attorneys for Northern Leasing Systems, Inc. ("Northern"), Lease Finance Group, LLC ("LFG"), Ricardo Brown, Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C., and Jay Cohen*