Mark N. Parry
**MOSES & SINGER LLP**
405 Lexington Avenue
New York, NY 10174
Tel: (212) 554-7800
mparry@mosessinger.com

*Attorneys for Northern Leasing Systems, Inc. ("Northern"),
Lease Finance Group, LLC ("LFG"), Ricardo Brown,
Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C.,
and Jay Cohen*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**CHITTUR & ASSOCIATES, P.C.,**<br><br>Debtor. | Chapter 11<br><br>Case No. 16-22704-rdd |

**REPLY ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Northern Leasing Systems, Inc. ("Northern"), Lease Finance Group, LLC ("LFG"), Ricardo Brown, Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C., and Jay Cohen (collectively, "Movants"), by their attorneys, Moses & Singer LLP, submit this reply in response to Debtor's Response To Motion For Relief From Automatic Stay (the "Response") (ECF No. 146) and in further support of Movants' motion (the "Motion"), pursuant to section 362(d)(1) of title 11 of the United States Code ("Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for entry of an order modifying the automatic stay to permit Movants to liquidate their claim against the debtor Chittur & Associates, P.C. ("C&A" or the "Debtor") and to annul the stay *nunc pro tunc* to September 4, 2017, in order to validate the proceedings before the District Court. In further support of the Motion, Movants respectfully represent the following:

- 1 -

1.      On this Motion, Movants seek relief from the automatic stay in order to liquidate their claim for sanctions against C&A resulting from an action that C&A, as counsel for Patricia J. Ritchie, brought against Movants in the United States District Court for the Southern District of New York (the "District Court"), *Ritchie v. Northern Leasing Sys., Inc.,* Case No. 12 Civ. 4992 (KBF) (the "District Court Action").  Movants also seek to annul the automatic stay *nunc pro tunc* to September 4, 2017, in order to validate the post-petition proceedings before the District Court.

## I.   THE SALIENT FACTS WARRANTING STAY RELIEF ARE NOT IN DISPUTE

2.      Debtor does not dispute the salient facts established by the Motion.[1]  Thus, Debtor does not dispute that Movants' motion for summary judgment to dismiss the District Court Action was granted on March 28, 2016 (the "Summary Judgment Order"[2]) (District Court Action, ECF No. 265), that the District Court found that the District Court Action brought by Debtor "was (kindly put) without evidentiary support" (Exh. A, p. 1), that it "should have never been brought" (*id.*), and that it was "frivolous." (*id.*, p. 3).

3.      The Debtor also doesn't dispute that Movants moved for sanctions in the District Court against C&A and its principal, Krishnan Chittur ("Chittur") (the "Sanctions Motion"), claiming that C&A made multiple filings in the District Court that contained material false allegations of "fact" for which there was no evidentiary support, and that C&A continued to advocate those false allegations even after C&A signed a response to a notice to admit in which

---

[1]     Debtor's Response was filed by Dahiya Law Offices LLC.  Based upon a review of the docket, it does not appear that Dahiya Law Offices LLC has been, or even applied to be, employed as counsel to the Debtor under 11 U.S.C. § 327.

[2]     For the convenience of this Court, a copy of the District Court's Summary Judgment Order is annexed hereto as **Exhibit A**.

it admitted that the allegations were false, and after Ms. Ritchie gave deposition testimony in which she also admitted that they were false.

4. The Debtor also does not dispute that it never notified either the District Court or Movants of the automatic stay arising from this bankruptcy case, and that the District Court held two days of hearings on the Sanctions Motion on October 23, 2017 and October 30, 2017 while it was unaware of the automatic stay.

5. Finally, Debtor does not dispute that the District Court, upon being notified of the automatic stay by Movants, ordered the Sanctions Motion to be held in abeyance pending Movants' motion for relief from the automatic stay in this Court.

6. Accordingly, the stay should be modified to allow the Movants to liquidate their claim through the Sanctions Motion pending in the District Court. Further, the stay should be retroactively modified to validate the proceedings in the District Court.

## II.   THE DEBTOR'S RESPONSE ADDRESSES THE MERITS OF THE SANCTIONS MOTION, NOT THE FACTS WARRANTING STAY RELIEF

7. Rather than dispute any of the facts that are pertinent to this Motion, C&A's Response attempts to dispute the merits of the Sanctions Motion now pending in the District Court. Although C&A's arguments are irrelevant to the issue before this Court, the Court should be aware that the factual assertions made in C&A's Response consist of the same type of demonstrably false allegations that are currently the subject of the Sanctions Motion in the District Court.

8. Much of C&A's Response relies on unproven allegations made in *People v. Northern Leasing Sys., Inc.*, Index No. 450460/2016 (Sup. Ct. N.Y. Co.) (the "N.Y.A.G. Action") that are completely irrelevant to the District Court Action. Indeed, C&A fails to disclose that on June 9, 2016, in response to Ms. Ritchie's motion for post-judgment relief in the

- 3 -

District Court Action, the District Court held that the allegations made in the N.Y.A.G. Action were "not evidence" and that even if those allegations were true, they did not support Ms. Ritchie's case in any way. *See* District Court Action, ECF No. 284 (copy submitted as **Exhibit B**). As the District Court held, "The downfall of plaintiff's claims at summary judgment was not any resistance to the possibility that defendants defrauded other people—the Court takes no position on that—but rather that plaintiff, in this individual action, had not presented sufficient evidence to proceed to trial on the claims that defendants defrauded her. . . . **Nothing about the NYAG action disturbs any of [the] undisputed facts about plaintiff's case and her inability to prove her case with record evidence.**" Exh. B., p. 7 (emphasis added).

9. By raising the N.Y.A.G. Action without disclosing the fact that the District Court already held that it was irrelevant, C&A is engaging in the same type of improper conduct that is at issue on the Sanctions Motion.

10. Other statements in C&A's Response are equally false and misleading. One such example is C&A's allegation that Ms. Ritchie never intended to lease equipment from Northern, that she was the "victim" of "scam" conducted by Movants, and that Movants sued her in the N.Y.C. Civil Court even though they knew that her lease had been forged by a third party. Response, p. 3. The claim that Ms. Ritchie was the victim of a "scam" perpetrated by Movants was the central claim asserted by Ms. Ritchie in the District Court Action. That claim was rejected by the District Court as being completely without evidentiary support:

> The record leaves no doubt that plaintiff applied to lease equipment, signed documentation agreeing to make such payments, submitted bank information to allow payments to be taken directly, made payments for an extended period of time, and used the equipment.
>
> \* \* \*
>
> The facts proffered by plaintiff on the motions before this Court do not support anything close to the claims alleged. There is, for

> instance, no record evidence to raise a triable issue as to major aspects of the RICO or common-law fraud claims. Alleging those claims on the true facts was frivolous. The other claims – there are ten in total . . . are similarly unsupportable.

Exh. A, p. 1.

11. Curiously, C&A admits that one of its pleadings in the District Court Action contained a false allegation, but it accuses Movants of misleading this Court by claiming that there were multiple pleadings that contained false allegations. Response, p. 4.

12. In fact, as stated in the Motion, the Sanctions Motion is premised on multiple false allegations of "fact" made by C&A in no less than four separate court filings over the course of three years, as well as on the fact that C&A continued to advocate those false allegations even after Ms. Ritchie testified at her deposition that they were false, and worse, after C&A signed a response to a Notice to Admit that admitted they were false.

13. As reflected in the Summary Judgment Order (Exh. A), the District Court Action was premised on allegations that Movants commenced an action against Ms. Ritchie in the New York City Civil Court based on a forged equipment lease that Movants knew was forged. Variations of that allegation are contained in a Statement of Relatedness filed by C&A on June 25, 2012 (District Court Action, ECF No. 1, at p. 4), the original Complaint filed by C&A on June 25, 2012 (District Court Action, ECF No. 1, ¶15), the First Amended Complaint filed by C&A on November 9, 2012 (District Court Action, ECF No. 8, ¶15), in a motion to amend the First Amended Complaint filed on December 15, 2014 (District Court Action, ECF No. 58-1, ¶15), and in the Second Amended Complaint filed on May 14, 2015 (District Court Action, ECF No. 112, ¶15).[3] In all but one of those pleadings, C&A went further and falsely alleged that Ms.

---

[3] The Second Amended Complaint in the District Court Action (District Court Action, ECF No. 112) contains the following additional allegations, all of which were shown to be false: "Based on forged documents, <u>which Defendants knew were forged</u>, the Enterprise sought to

- 5 -

Ritchie "categorically informed Defendants that she had never signed any lease with them, and demanded that they stop the harassment." All of those allegations were false.

14. On July 30, 2015, Ms. Ritchie gave deposition testimony in which she admitted that she did not inform any Movant of her forgery claim prior to the time she was sued in the N.Y.C. Civil Court:

> Q. You never communicated in any way, either in writing, orally, telepathically, to anybody at Lease Finance Group that your signature on the non-cancellable lease . . . was not your signature?
>
> A. No. Only in my answer to the complaint.
>
> Q. So the first time you stated that the signature on the non-cancellable lease was not yours was in the answer to the verified complaint that is dated and verified by you May 12th, 2011?
>
> A. Correct.
>
> \* \* \*
>
> Q. You never communicated to Northern Leasing Systems, Inc. prior to February 16, 2011 that the signature on the non-cancellable lease was not yours?
>
> A. I never had any dealings with Northern Leasing.
>
> Q. You never communicated to Mr. Jay Cohen prior to February 16, 2011 that the signature on the non-cancellable lease was not yours?
>
> A. No.
>
> Q. You never communicated that to him; correct?

---

intimidate its victims (including, without limitation, Ms. Ritchie … .") (*Id.*, ¶16) (emphasis in original). Paragraph 33 alleges that "**Defendants knew or ought to have known** that Ms. Ritchie had no account with them, and did not owe Defendants anything." (*Id.*, ¶33) (emphasis added).[3] Paragraph 71 alleges that "**Defendants knew, and should have known**, that the above representations [e.g. those contained in the Civil Court Complaint] were false when made. **Defendants' knowing fraud upon, and/or their intentional misrepresentations to, the New York City Civil Court deprived the litigation of its legitimacy**." (*Id.*, ¶71) (emphasis added).

- 6 -

3895422v2 011082.0151

0cbb6e373e463155

>       A.    Correct.
>
>       Q.    You never communicated to Mr. Joseph Sussman, before February 16, 2011, that the signature on the non-cancellable lease was not yours?
>
>       A.    Correct.
>
>       Q.    You never communicated to Mr. Sussman's law firm, Joseph I. Sussman, P.C., that the signature on the non-cancellable lease was not yours, prior to February 16, 2011?
>
>       A.    Correct.
>
>       Q.    Prior to February 16, 2011, you never communicated to Robert Taylor that the signature on the non-cancellable lease was not your signature?
>
>       A.    Correct.
>
>       Q.    You never communicated, prior to February 16, 2011, to Ricardo Brown that the signature on the non-cancellable lease [was] not yours?
>
>       A.    Correct.

(Exhibit C, p. 275:14-277:19).[4]

    15.    Despite their admissions that Ms. Ritchie did <u>not</u> inform any Defendant of her forgery claim at any time prior to the filing of the Civil Court Action, C&A and Chittur continued to advocate the same false allegations that Ms. Ritchie had "categorically informed" them of the claimed forgery long before she was sued in the N.Y.C. Civil Court: first, in the proposed Second Amended Complaint filed on December 15, 2014, and then, in the Second Amended Complaint filed originally on April 17, 2015.  Paragraph 25 of both documents

---

[4] On September 8, 2014, Mr. Chittur signed a response to Defendants' requests to admit in which he admitted, on behalf of Ms. Ritchie, that she had not told Northern (or anyone else) of her forgery claim prior to the time she was sued in the N.Y.C. Civil Court.

contains the false allegation that Ms. Ritchie had "categorically informed" Defendants of her forgery claim as early as April 2010.

16.     C&A's claim that the Sanctions Motion is premised on only one "inadvertent" false allegation made in just one pleading is a curious admission of the very wrongdoing that C&A is accused of in the Sanctions Motion. That admission completely undermines C&A's claim that Movant's Motion is "meritless."

17.     However, C&A's suggestion that it made just one inadvertent error in one pleading is much more than an admission of wrongdoing. It is a further example of C&A's willingness to make false allegations without concern for the consequences. C&A's false allegations from the outset of the District Court Action caused Movants to be drawn into a four year long federal RICO lawsuit the District Court concluded "should have never been brought." (Exh. A, p. 1). That lawsuit cost well over $1 million to defend. Movants should be permitted to liquidate their claim against C&A before the District Court, which is clearly in the best position to resolve any issues related to the Sanctions Motion.

### III.    CONCLUSION

18.     For all of the foregoing reasons, Movants respectfully request that this Court modify the stay to permit proceedings related to the Sanctions Motion to be completed in the District Court so that Movants can liquidate their claim against C&A. Moreover, the Court should annul the stay *nunc pro tunc* to September 4, 2017 to validate the proceedings held thus far in the District Court.

Dated: February 8, 2018

Respectfully submitted,

MOSES & SINGER LLP

By: /s/ Mark N. Parry
Mark N. Parry
The Chrysler Building
New York, NY 10174
Tel: (212) 554-7800
mparry@mosessinger.com
*Attorneys for Northern Leasing Systems, Inc., Lease Finance Group, LLC, Ricardo Brown, Robert Taylor, Joseph I. Sussman, Joseph I. Sussman, P.C., and Jay Cohen*