Krishnan S. Chittur, Esq.
340 South State Road
Briarcliff Manor, NY 10510
Email: chitturk@gmail.com

February 26, 2018

Hon. Robert D. Drain
Judge, U.S. Bankruptcy Court (S.D.N.Y.)
300 Quarropas Street
White Plains, NY 10601

  Re. Chittur & Associates, P.C. (Chapter 7), 16-22704-rdd

Your Honor:

  On February 13, 2018, even while converting this into a Chapter 7 case, Your Honor specifically reminded me of my ethical obligations to continue servicing the clients so that client's interests were not adversely affected, and directed that I should work out a compensation arrangement with the Trustee.

  The Trustee (through her counsel) clarified that she has "no interest in taking over the files and prosecuting the actions." Email of Feb. 21, 2018. She suggested that

> At this point we should all be working on transitioning the clients to new counsel. The "new" counsel can be you as a sole practitioner or a new entity which you are a member of or a complete third party entity, although that is very unlikely. That is your choice. The clients will ultimately have the say on where the case file goes and I assume that they will want to stay with you.
>
> This will necessarily involve contacting the clients to obtain their consent to transfer the files to substitute counsel, the execution of consents to change attorneys and the filing of notices of substitution of counsel in each of the cases. You are the only one with access to this information.

*Id*. This was, of course, consistent with controlling law. "A law firm does not own a client or an engagement, and is only entitled to be paid for services actually rendered." *In re Thelen LLP*, 24 N.Y.3d 16 at 23 (2014).

  On that understanding, I continued servicing the cases, even though I remain uncompensated. Abruptly, today, <u>at 3:33 p.m.</u>, the Trustee has given notice by email that she will come <u>tomorrow afternoon at 2 p.m. to dispossess me from the office premises, and take charge of the Debtor's books and records and presumably, its aging computers and furniture.</u>

This is directly contrary to what Your Honor had directed. It will completely disrupt the servicing of the clients, disable me from protecting clients' interests, and inflict irreparable damage upon the Debtor, the clients, and me. The Trustee is well aware that the cases have many imminent deadlines to be met, including, without limitation, 6 motions returnable on Wednesday in the NYCCC, another 8 next Wednesday (March 7) before the NYCCC for which answering papers are due by Wednesday (Feb. 28), and a plethora of discovery deadlines.

While I am desperately attempting to meet my ethical obligations, the Trustee's proposed action would destroy everything, and all the assets of the Debtor. It would also impact - and may even destroy - clients' rights and claims, and expose the Debtor, me (personally) and the Trustee to significant liability.

The only "books and records" of the Debtor - other than bank statements, which statements I'll be glad to turn over - are client files and information contained electronically. The Trustee may not seek either client files and/or information contained electronically for two independent reasons: (a) they contain attorney-client and/or work product confidential information which the Trustee is not entitled to; and (b) the files are necessary for continued prosecution of the cases.

The Debtor has no liquid assets. It has furniture that is 15 years old, and computers which are at least 5 years old. These are not even worth the cost of moving them. The Debtor also has a lease liability for the premises for another four months (upto June 30, 2018).

I suggest that a reasonable solution would be along the following lines: In the interests of the clients, I am willing to (a) take over the lease liability for the remaining four months; and (b) pay a nominal amount ($1,000) for the 15 year old furniture and 5 year old computer. The Trustee should either (a) abandon the cases as no longer Debtor's property so that I may do whatever is necessary to protect client's interests, and continue prosecuting them in the meanwhile, or alternatively (b) compensate me for services being rendered until the Trustee decides what to do.

I will of course, turn over the bank statements to the Trustee, and answer any questions she may still have. This does not have to be made into a minefield of complications and potential liabilities.[1]

---

[1] At the very least, the Trustee should be required to wait to take possession later in the week, i.e., on Friday afternoon, instead of tomorrow, I need to prepare for the six motions returnable on Wednesday, and advise the clients about change of address/counsel. There is no desperate urgency here, I am not going anywhere and the Debtor's furniture and aging computers will remain substantially the same.

      We request an immediate conference for directions so that the Trustee may do her job without interfering with my obligation to my clients.

                                                       Respectfully submitted,

                                                                     Sd/-

                                                       Krishnan S. Chittur, Esq.

Cc:    Salvatore LaMonica, Esq. (Counsel to Trustee)