**LAMONICA HERBST & MANISCALCO, LLP**
*Moving Forward. Staying Ahead.®*

Salvatore LaMonica, Esq.
Member
p: 516.826.6500 x208
sl@lhmlawfirm.com

March 5, 2018

**BY ECF and EMAIL**
Hon. Robert D. Drain
United States Bankruptcy Judge
300 Quarropas Street
White Plains, New York 10601

     Re: **Chittur & Associates, PC**
       **Chapter 7**
       **Case No.: 16-22704 (RDD)**
       *Request for Pre-Motion Conference*

Dear Judge Drain:

  I am writing on behalf of Marianne T. O'Toole, the Chapter 7 Trustee ("Trustee") of Chittur & Associates, PC ("Debtor"), to request a pre-motion conference with the Court.

  As you know, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 24, 2016. By Order dated February 13, 2018, the Court converted the Debtor's case to one under Chapter 7 of the Bankruptcy Code. By Appointment of Interim Trustee and Designation of Required Bond dated February 13, 2018, the Trustee was appointed. By Order dated February 20, 2018, my firm was employed as counsel to the Trustee.

  By letter dated February 14, 2018, a copy of which is annexed as Exhibit A, we requested the turnover of certain documents and information from the Debtor on behalf of the Trustee. By email dated February 16, 2018, counsel to the Debtor provided a list of case names and index numbers, a list of deadlines and a memo from Krishnan Chittur, Esq. By email dated February 28, 2018, Mr. Chittur turned over a copy of the lease for the Debtor's premises. Despite repeated demand, none of the other documents or information have been turned over to the Trustee.

  On behalf of the Trustee, we also requested during an in-person meeting on February 27, 2018 and by email dated February 28, 2018, a copy of which is annexed as Exhibit B, the Debtor's client list (with names, addresses and contact information), and copies the Debtor's retainer agreements. By email dated March 1, 2018, a copy of which is annexed as Exhibit C, Mr. Chittur has indicated that "All the clients are mine, not any 'firm's.'" By emails dated March 4, 2018 and March 5, 2018, copies of which are annexed as Exhibit D, Mr. Chittur has indicated his unwillingness to turn over to the Trustee the Debtor's client list (with names, addresses and contact information) or executed retainer agreements for each client, and neither have been turned over to the Trustee or counsel.

  Section 521 of the Bankruptcy Code sets forth a non-exhaustive list of the duties of a debtor in a bankruptcy case. Those duties include a requirement to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[,]" and to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, . . . ." 11 U.S.C. §§ 521(a) (3) and (4). The Bankruptcy Code requires the Chapter 7 debtor to cooperate with the Trustee as

**LAMONICA HERBST & MANISCALCO, LLP**
ATTORNEYS AT LAW

Hon. Robert D. Drain
March 5, 2018
Page -2-

necessary to enable the Trustee to perform her duties. 11 U.S.C. § 521; In re Bentley, 120 B.R. 712, 715 (Bankr. S.D.N.Y. 1990); see also 11 U.S.C. § 704(a)(1).

    While the Trustee and counsel appreciate that the Debtor is a law firm and that the law firm does not own its clients or engagements, the non-operating Debtor cannot continue to be counsel of record in the various pending cases and the Debtor is entitled to be paid for services actually rendered.[1] It is imperative that the Debtor's clients and engagements be transitioned and this can be accomplished in several ways including, but not limited to, stipulations agreeing to the substitution of counsel or motions to withdraw as counsel. It is impossible to effectuate any of these things without a list of clients and their contact information. Timing is critically important as the clock continues to run in the various pending cases, and attempts to obtain the information from the Debtor's principal have been unsuccessful.

    Prior to filing an appropriate motion to compel the Debtor's cooperation with the Trustee in this case, the Trustee respectfully requests that the Court schedule a pre-motion conference and direct Debtor's counsel of record and Mr. Chittur to attend.

    Thank you for your consideration.

Respectfully submitted,

*s/ Salvatore LaMonica*
Salvatore LaMonica

SL/hrh
Encls.
cc.    Karamvir Dahiya, Esq. (by email)
       Krishnan Chittur, Esq. (by email)
       Marianne T. O'Toole, as Trustee (by email)

---

[1]     The Trustee reserves any and all entitlement, rights and claims with respect to the Debtor's estate's interest in such fees, whether on a contingency or hourly basis.