**LaMonica Herbst & Maniscalco, LLP**

*Moving Forward. Staying Ahead.®*

Salvatore LaMonica, Esq.
Member
p: 516.826.6500 x208
sl@lhmlawfirm.com

March 19, 2018

**BY ECF and EMAIL**
Hon. Robert D. Drain
United States Bankruptcy Judge
300 Quarropas Street
White Plains, New York 10601

          Re:    **Chittur & Associates, PC**
                  Chapter 7
                  **Case No.: 16-22704 (RDD)**
                  *Request for Pre-Motion Conference*

Dear Judge Drain:

      I am writing on behalf of Marianne T. O'Toole, the Chapter 7 Trustee ("Trustee") of Chittur & Associates, PC ("Debtor"), to request a pre-motion conference with the Court.

      In accordance with the conference call with the Court on March 8, 2018, the Trustee and counsel took possession of the Debtor's premises on Friday, March 9, 2018. There are several computers on the Debtor's premises, all of which are password protected. As discussed during the conference call, the computers are property of the Debtor's estate.[1] By email dated March 9, 2018, I requested passwords for each of the computers from Mr. Chittur. On March 11, 2018, Mr. Chittur responded that it was not "necessary" for the Trustee to access "his" computer. See Exhibit A. By email dated March 15, 2018, we again requested the passwords for all computers at the Debtor's premises from Mr. Chittur. Mr. Chittur replied and indicated, inter alia, that he will not provide the passwords to the Trustee. See Exhibit B.[2]

      Section 521 of the Bankruptcy Code sets forth a non-exhaustive list of the duties of a debtor in a bankruptcy case. Those duties include a requirement to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[,]" and to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, . . . ." 11 U.S.C. §§ 521(a) (3) and (4). Mr. Chittur is the Debtor's president, and was responsible for the management and operation of the Debtor prior to the Trustee's appointment. As such, Mr. Chittur is the person best suited to provide the passwords to the Trustee.

---

[1]    Among other assets, "2 Personal Computers" were listed on the Debtor's Schedule A/B as personal property of the Debtor. See Dkt. No. 14 at 5.

[2]    While we will not address them here, we note our disagreement with Mr. Chittur's accusations in his March 15, 2018 email. Among other things, the Order of the Hon. Martin Shulman J.S.C., appointing Mr. Chittur as class counsel is a publically filed document available through the New York State Unified Court System website accessible at https://iapps.courts.state.ny.us/.

**LAMONICA HERBST & MANISCALCO, LLP**
ATTORNEYS AT LAW

Hon. Robert D. Drain
March 19, 2018
Page -2-

      Prior to filing an appropriate motion to compel Mr. Chittur to provide password and login information for the Debtor's computers to the Trustee, the Trustee respectfully requests that the Court schedule a pre-motion conference and direct Debtor's counsel of record and Mr. Chittur to attend.

      Separately, we are happy to report to the Court that, on March 16, 2018, we arranged for the pickup of various personal property from the Debtor's premises on behalf of Mr. Chittur, as well as the physical files relating to a case in which Mr. Chittur's new law firm is now counsel. We notified Mr. Chittur that the physical files for another case in which Mr. Chittur is class counsel will be available for pickup tomorrow.

      Thank you for your consideration.

                                              Respectfully submitted,

                                              *s/ Salvatore LaMonica*
                                              Salvatore LaMonica

SL/hrh
Encls.
cc.    Karamvir Dahiya, Esq. (by email)
       Krishnan Chittur, Esq. (by email)
       Marianne T. O'Toole, as Trustee (by email)