# Krishnan S. Chittur, Esq.

340 South State Road
Briarcliff Manor, NY 10510
Tel: (914) 762-5127
Email: chitturk@gmail.com

March 20, 2018

Hon. Robert D. Drain
Judge, U.S. Bankruptcy Court (S.D.N.Y.)
300 Quarropas Street Room 248
White Plains, NY 10601

    *Re:*    Chittur & Associates. P.C., 16-22704-rdd
    *Sub*:   dkt. 177 (Mr. LaMonica's Letter of March 19, 2018, "Letter")

Your Honor:

    Serious issues of first impression and far-reaching ramifications are raised by the Trustee's demand for my computer passwords in this case. Essentially, the Trustee demands that Your Honor enter an order summarily directing me to violate the explicit terms of an order entered by the State Court in another unrelated litigation. I request that just as Your Honor directed me to file a formal motion to retrieve my personal belongings - which belongings were detained improperly by the Trustee for over a week, and the retrieval of which should not even have been an issue - the Trustee also be required to file a properly supported motion, so that this issue can be properly briefed, and a proper order can be issued after due deliberation on an adequate record for appellate review. Summarized below is the factual background highlighting the need for proper formal procedure to be followed herein.

<ins>Trustee Took Physical Possession, and Has All the Debtor's Assets and Necessary Information</ins>

    On Friday, March 9, 2018, the Trustee took physical possession of the Debtor's premises and everything therein. I left the premises with the shirt on my back, and have not been there since then - leaving behind even my personal belongings, as Your Honor directed.

    The Trustee thus has all the documents and the information she needs. Apart from the financial statements already on file with the Court, she has physical possession of <ins>all</ins> of the Debtor's property, including

    a.    bank documents, including the checkbook, canceled checks, bank statements, and everything else;
    b.    corporate documents;
    c.    invoices, and everything concerning Debtor's finances;
    d.    retainer agreements with contact information for every client and potential client; and

*In re Chittur & Associates. P.C.*, 16-22704-rdd                              March 20, 2018
Letter to Judge Drain                                                                Page 2

     e.     client files, with all the motions, discovery, and everything else.

Just what more she wants remains a mystery.

     In the last conference, the Trustee's only demand was for "contact information" and "retainer agreements" with all the clients. I could not produce all that by "tomorrow morning" as Your Honor directed, and at 4 pm that evening, Your Honor verbally granted the Trustee's request to summarily dispossess me, change the locks, and take over the premises the next morning (Friday, March 9). She did so.

     Presumably, the Trustee has all of that information - and a lot more - now. Indeed, *after over a week of rummaging through everything in the Debtor's office, the Letter does not identify a single piece of information that she needs, but does not have.*

<u>The Trustee May Not Access Protected Information in Violation of the *Pludeman* Order</u>

     The Debtor's computers and electronic datadisks contain <u>nothing</u> of concern to the Trustee, and no information of relevance which she already does not have.

     More important, they contain essentially (apart from some of my personal information) my communication with clients (attorney-client privileged), my drafts and notes concerning strategy in certain cases (work product privilege), and *a LOT of highly confidential information in the **Pludeman** case concerning a HUGE number of non-parties which confidential information is protected by an extremely strict Confidentiality Order (with an "attorneys' eyes only" provision) of June 17, 2005.* While I do not now have a copy of that Order due to the Trustee's refusal to hand over the <u>Pludeman</u> files, it cannot be seriously disputed that <u>all</u> of this is protected information that has nothing to do with the Trustee's obligations, and to which she is not entitled to: Indisputably, the Debtor "does not own a client or an engagement, . . ." *In re Thelen LLP*, 24 N.Y.3d at 22. *See also Heller Ehrman,* 2018 WL 1146649, at *5–6 (law firm is only entitled to value of services rendered, nothing more). The Trustee is not the attorney for the clients, and as such, is not entitled to access privileged information.

     No question can exist that the said Confidentiality Order of the <u>Pludeman</u> court is binding, and may not be modified or ignored by this Court.

     I set forth my very serious concerns noted above, and asked that the Trustee address them. She has never even attempted to do so - and does not do so now.

     This issue is far from academic. The Trustee has not disputed - and cannot dispute - that I am, and have always been, ***personally*** the class counsel in <u>Pludeman</u>, duly appointed by that Court under Article 9, CPLR. The Debtor is not, cannot be, and has never been, Class Counsel. In fact, I am informed that Mr. LaMonica himself

*In re Chittur & Associates. P.C.*, 16-22704-rdd                                        March 20, 2018
Letter to Judge Drain                                                                              Page 3

personally confirmed to the Pludeman Court that I had, and continue to have, personal fiduciary obligations to the Plaintiffs and the Class in that case.[1] Nevertheless, the Trustee has even refused to provide me with the Pludeman files.

I have repeatedly informed the Trustee of the above facts. While I do not have a copy of that Confidentiality Order of June 17, 2005, due to the Trustee's refusal to turn over those files, I am aware of the substance of the strict provisions therein. That Order unambiguously provides that information, in electronic form and otherwise, may NOT be accessed

   i.    For any purpose other than the Pludeman litigation,

   ii.   By anyone without my consent, and

   iii.  By anyone without signing the court-ordered acknowledgment form, which form I am personally required to keep for the record. While I don't have the Pludeman records, I managed to retrieve such an acknowledgment from Mr. Rotman, who was one of my co-counsel in Pludeman. "Ex. A," Acknowledgment.

That information includes an entire lease database, which includes personally identifiable information, ***including social security numbers, residential information, and bank account information, of tens of thousands - if not millions - of individuals all over the country.*** It cannot be seriously disputed that accessing such data would compromise the privacy of a HUGE number of people from all over the country.

Further, that Confidentiality Order provides that in case anyone accesses such data without complying with the terms of the said Confidentiality Order, I am obligated to inform the Pludeman Court, and the adversaries (Northern Leasing) immediately. Consequences and damages are to determined by that Court. Clearly, the Trustee's accessing such information would breach that Confidentiality Order's provisions.

While the Trustee has stated that she will not "release" the information, the issue is one of access, not release. The Pludeman Court's Order controls access.

The Letter asserts that the computers are the Debtor's property. While that may be true, it does not make the information within the computers the Debtor's property.[2]

---

[1] Why the Trustee's counsel attended that conference (for which he will presumably bill the Debtor) remains a mystery.

[2] I informed the Trustee that I am willing to pay book value for the old computers, so that it ceases to be Debtor's property. She never responded.

*In re Chittur & Associates. P.C.*, 16-22704-rdd                                    March 20, 2018
Letter to Judge Drain                                                                        Page 4

<u>While there may well be a huge market for the tens of thousands - if not millions - of personally identifiable information, and related social security numbers and bank information, none of us - not the Debtor, not the Trustee, not me, and not even this Court - has any right to sell that information; they are simply not the Debtor's assets to be "liquidated" by the Trustee.</u>  That information was given to me personally for one, and only one purpose: use in the <u>Pludeman</u> litigation.

Thus, providing access to that information to the Trustee would be a violation that Order of June 17, 2005, apart from being in breach of several federal and state laws.  It is akin to a parking garage selling a customer's car merely because the car was stored in the garage.

<u>A Proper Motion Is Warranted</u>

The significance of a proper motion is highlighted by a simple fact:  the Trustee has not bothered to explain <u>why</u> access to such information - attorney-client communication, work product, discovery produced under "attorneys' eyes only" provisions of a Confidentiality Order - is even relevant to the liquidation value of the Debtor, presumably the Trustee's only concern here.

A letter cannot circumvent the requirement of a motion. *Mortensen v. Nevens*, 2011 WL 7782885, at *1 (D. Nev. Feb. 25, 2011).  *See also Keith v. Mayes*, 2010 WL 3339041, at *2 n.2 (S.D. Ga. Aug. 23, 2010)("This is a Court of Record, not a pen pal. Such requests must be made by motion," *citing* Fed. R. Civ. P. Rule 7(b)). Letter requests do not confirm to Rule 7(b) and may be refused for that reason.  *See Benoit v. U.S. Dept. of Agriculture*, 608 F. 3d 17, 21 (D.C. Cir. 2010) (unwritten, one sentence, conditional suggestion not sufficient); *Cozz-relli v. Inspire Pharms. Inc.*, 549 F. 3d 618, 630-31 (4th Cir. 2008)(request in footnote and closing sentence not sufficient); *Gray v. Evercore Rest LLC*, 544 F. 3d 320, 327 (1st Cir. 2008)(conclusory, passing request with no particular grounds not sufficient).  "[T]he bankruptcy court itself exercises "the essential attributes of judicial power [that] are reserved to Article III courts. . .'" *Stern v. Marshall*, 564 U.S. 462, 501 (2011) (*citing "Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 (1986)).

Thus,the Trustee  should move for relief in compliance with proper procedure.  Only then will we have proper notice - as we are entitled to - of the Trustee's grounds for her demand.[3]

---

[3]The Trustee only intent appears to be harassing me.  While she presumably obtained the "contact information" for all the clients and the retainer agreements within the one day Your Honor held I should have, nothing further seems to have happened.  Further, her detention of my indisputably personal belongings was totally unwarranted. <u>After</u> repeated requests to retrieve my personal belongings, and <u>after</u> I had to bother Your Honor, and <u>after</u> Your Honor directed filing a formal motion for the purpose, she

16-22704-rdd    Doc 178    Filed 03/20/18    Entered 03/20/18 15:42:07    Main Document
Pg 5 of 6

*In re Chittur & Associates. P.C.*, 16-22704-rdd                                March 20, 2018
Letter to Judge Drain                                                                    Page 5

Conclusion

      The computers contain nothing of concern to the Trustee. After a week of unrestricted access to everything in the Debtor's office,[4] she has not identified a single piece of information that she has not yet been able to obtain but is "necessary" for her to discharge her duties. Further, I am seriously concerned about my ethical and fiduciary obligations, and potential liability for breach of privacy, data breach, and related violations to tens of thousands - if not millions - of persons under the laws of every one of the fifty States and federal law, apart from the professional and disciplinary issues involved in violating a State Court order.

---

<u>first</u> demanded a "list" of such belongings, which I didn't have time to prepare because of the humiliating way in which I was dispossessed on 2 hours' notice - Your Honor directed me around 4 pm on Thursday evening to give possession to the Trustee next morning, leaving me barely a couple of hours on Thursday evening to wrap up everything. Finally, a full week after detaining my belongings, on Friday morning (March 16), the Trustee notified me to pick up my belongings at noon that very day. Since I was tied up with a medical appointment, I so informed the Trustee and sent a paralegal. The Trustee questioned that paralegal about Debtor's affairs, intimidating the poor young paralegal with threats of a court order, which was again blatantly improper. Further, the Trustee has retained, and refused to release my personal computer and my luggage carts, both paid for by me personally. I didn't want to bother Your Honor with yet another application for that, but those items are not the Debtor's property and should be returned.

      I also understand that the Trustee's counsel told the Debtor's Landlord that she will continue to occupy the premises for <u>four more months</u> (!), without paying rent which is due from March 1, although this Court specifically approved assumption of the lease (dkt. 104). Due to this, the Landlord refused to return the security deposit that I recall having put up from my personal funds. The Trustee should be required to vacate the premises promptly and no later than the end of the month. No reason exists for her to continue rent-free occupation of the premises.

      Further, I am also informed that, apparently realizing that the Debtor, indeed, had no assets, the Trustee's counsel has threatened to recover "fees" allegedly paid to me during bankruptcy, which threat is blatantly illegal.

      [4]We reserve the right to enforce liability for breach of attorney-client privilege and/or work product privilege and/or privacy rights should that appear appropriate.

*In re Chittur & Associates. P.C.*, 16-22704-rdd    March 20, 2018
Letter to Judge Drain    Page 6

    In view of the serious issues involved here, this is not a proper subject for an *ex cathedra* phone conference.  The Trustee's application needs to be properly supported in a duly filed motion, and the legal issues raised above addressed, before any order can be rendered.  It would not be proper for the Court to summarily order me to violate a State Court's order.

                              Respectfully submitted,

                              Sd/-

                              Krishnan Chittur, Esq.

Cc:    Salvatore LaMonica, Esq. (By email)