**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7

CHITTUR & ASSOCIATES, PC,                              Case No.: 16-22704 (RDD)

        Debtor.
-----------------------------------------------------------x

### AMENDED APPLICATION OF THE CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY CITIBANK, N.A.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Marianne T. O'Toole, the Chapter 7 Trustee ("Trustee") of the estate of Chittur & Associates, PC ("Debtor"), by her undersigned counsel, submits this amended application ("Application")[1] seeking entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") directing the production of certain records, documents and electronic files that are in the possession, custody or control of Citibank, N.A. ("Citibank"), and respectfully sets forth and represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

   1.   This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] This Application amends the Trustee's application dated March 21, 2018 [Dkt. No. 179] to correct a typographic error in ¶11.

2.  The statutory predicates for the relief sought in this Application include Bankruptcy Rule 2004 and 11 U.S.C. § 704(a) ("Bankruptcy Code").

## PROCEDURAL BACKGROUND

3.  On May 24, 2016 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court").

4.  By Order dated February 13, 2018 [Dkt. No. 161], the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code.

5.  By Notice of Appointment dated February 13, 2018 [Dkt. No. 162], Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of the Debtor's estate and is currently acting in that capacity.

6.  The Bankruptcy Code section 341 Meeting of creditors is currently scheduled for April 12, 2018.

## FACTUAL BACKGROUND

7.  The Debtor is a law firm that operated out of leased premises located at 500 Executive Drive, #305, Ossining, New York 10562 ("Premises"). The Debtor's principal maintained an IOLA Client Account at Citibank identified as account ending in *9217 in the name of Krishnan S. Chittur ("Account").

8.  It is the Trustee's understanding that, in or around September 2017, the sum of $380,937.00 was deposited in the Account in connection with a settlement reached for a client of the Debtor in a state court action ("Settlement"). On or about September 14, 2017, the Debtor sent a check to its client from the Account in the amount of $150,000.00. Redacted copies of the

transmittal letter and check are annexed as <u>Exhibit A</u>. The Trustee further understands that, according to Mr. Chittur, the sum of $230,937.00 was the Debtor's share ("<u>Debtor's Share</u>").

9. By letter dated February 14, 2018, the Trustee requested, <u>inter alia</u>, all books and records pertaining to the Debtor's assets and financial affairs. Despite repeated requests, the Debtor did not cooperate and, by letter dated March 5, 2018, the Trustee requested a pre-motion conference with the Court. <u>See</u> Dkt. No. 176. The pre-motion conference was conducted on March 8, 2018. In accordance with the conference, the Trustee and counsel took possession of the Premises on March 9, 2018.

10. The Debtor's computers located at the Premises are password protected. As reflected in a letter dated March 19, 2018 requesting a pre-motion conference with the Court, the Debtor's principal has refused to provide login information to the Trustee. <u>See</u> Dkt. No. 177. A conference is scheduled for Friday, March 23, 2018 at 11:30 a.m.

11. The Trustee and counsel have reviewed substantially all of the physical files at the Premises. The Debtor's bank statements for its debtor-in-possession account ("<u>DIP Account</u>") do not reflect the deposit of the Debtor's Share, though the bank statements do show: (a) 8 mobile deposits between September 14, 2017 and September 28, 2017 totaling $65,000.00; (b) 2 mobile deposits in October 2017 totaling $20,000.00; and (c) 2 mobile deposit in November 2017 totaling $20,000.00, all of which totals $105,000.00. The Debtor's 1-page operating "statements" do not explain the disposition of the Debtor's Share, and appear inconsistent with the DIP Account statements. <u>See</u> Dkt. Nos. 150-154.

12. The Trustee submits that discovery from Citibank will provide critical details into assets of the Debtor's estate. Significant funds were deposited in the Account, certain of which appear to be fees earned by the Debtor, in September 2017. The disposition of those monies, as

3

well as other monies that may have been deposited in the Account, is unknown and merits further investigation by the Trustee. Indeed, in connection with her investigation into the Debtor's financial affairs, the Trustee requires copies of monthly statements and other Account-related documents for the period May 1, 2014 to the present.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13.     This Application is made pursuant to Bankruptcy Rule 2004 for entry of an Order directing the production of records and documents by Citibank which are particularly set forth in the proposed Order annexed to this Application as Exhibit B ("Proposed Order").

14.     The duties of the Trustee, as set forth in section 704(a) of the Bankruptcy Code, include, among other things: (a) collecting and reducing to money the property of the Debtor's estate; (b) being accountable for all property received; (c) investigating the financial affairs of the Debtor; and (d) making a final report and filing a final account of the administration of the estate with the court and with the United States trustee. See 11 U.S.C. § 704(a).

15.     Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(a), (b); see In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); Martin v. CITIBANK of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule [] that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)); see also In re CENA's Fine Furniture, Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . .

4

Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citation omitted)); In re Atlantis B.V., Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); In re Parikh, 397 B.R. 518, 525–26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

16. The Debtor, which operated a law firm prior to the Trustee's appointment, received funds from the Account and/or was entitled to be paid from certain monies deposited in the Account. The disposition of over $230,000.00 from September 2017 has not been accounted for. To complete her fiduciary duties, the Trustee requires bank statements and other Account-related documents for the period May 1, 2014 through the present. In connection with her investigation into the Debtor's financial affairs, the Trustee may also require additional documents from Citibank relating to the Account. Based on the foregoing, the Trustee respectfully requests that the Court enter the Proposed Order directing Citibank to turn over bank statements, cancelled checks and other Account-related documents to the Trustee.

17. Under the Proposed Order, responsive documents are to be turned over to the Trustee's undersigned counsel by the date set forth in the subpoena issued in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 9016 and 2004 ("Subpoena"). The Subpoena will provide Citibank not less than fourteen (14) days from service of the Subpoena for the production of the records, documents and electronic files requested in the Proposed Order. The Trustee requests that service of the Subpoena and the Proposed Order, in accordance with Federal Rule of Civil Procedure 45, by certified mail, return receipt requested,

5

upon Citibank at its business address be deemed good and proper service of the Proposed Order and Subpoena.

18. This amended Application replaces and supersedes the Trustee's prior application dated March 21, 2018 [Dkt. No. 179].

19. By virtue of the foregoing, the Trustee respectfully submits that she is entitled to the relief requested herein.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order directing Citibank to produce the records, documents and electronic files described therein and granting such other, further, and different relief as the Court deems just and proper.

Dated: March 22, 2018
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to the Chapter 7 Trustee

By:    *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500